MEMORANDUM **
William B. Rooz (“Rooz”) appeals the judgment of the Ninth Circuit Bankruptcy Appellate Panel (“BAP”) affirming the bankruptcy court’s dismissal of Rooz’s complaint in an 11 U.S.C § 523(a)(2)(A) adversary proceeding. We have jurisdiction pursuant to 28 U.S.C. § 158, and we affirm. The parties are familiar with the facts of the case, so we repeat them here only to the extent necessary to explain our decision.
Despite being given four opportunities to amend his original complaint, Rooz has failed to state a claim for fraud.[1] With respect to Kimmel’s allegedly fraudulent promise to pay Rooz $400 per month, the Fourth Amended Complaint does not allege how Rooz relied on this promise. For example, the Fourth Amended Complaint does not allege that Rooz agreed to forego further execution on the judgment if Kim-mel made the promised payments or that Rooz was precluded from doing so. It also does not allege that Kimmel promised not to file for bankruptcy relief as a means of dealing with Rooz’s debt.
Rooz’s contention that Kimmel and his wife, Roberta Kimmel, engaged in a continuing fraudulent scheme to frustrate Rooz’s collection efforts similarly fails. “In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.” Fed.R.Civ.P. 9(b). In order to properly *551 plead fraud with particularity, the complaint must allege the time, place, and content of the fraudulent representation such that a defendant can prepare an adequate response to the allegations. Moore v. Kayport Package Express, 885 F.2d 531, 540 (9th Cir.1989). “[M]ere conclusory allegations of fraud are insufficient.” Id. Rooz’s allegations in the Fourth Amended Complaint are ambiguous as to the substantive facts constituting fraud. We agree with the BAP that Rooz’s description of the Kimmels’ “fraudulent scheme” fails to allege who committed the fraud or when and where the fraud occurred. Accordingly, the Fourth Amended Complaint does not plead fraud with the particularity required.
Because Rooz can prove no set of facts that would entitle him to relief, we agree with the BAP that the bankruptcy court was correct in dismissing Rooz’s complaint.
Additionally, having properly dismissed Rooz’s complaint against Kimmel, the bankruptcy court clearly lacked jurisdiction over Mrs. Kimmel for Rooz’s fraud claim in connection with her husband’s bankruptcy case.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. In order to establish that a debt is nondis-chargeable under § 523(a)(2)(A), a creditor must establish five elements: (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor’s statement or conduct; and (5) damage to the creditor proximately cased by its reliance on the debtor's statement or conduct. See Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman), 234 F.3d 1081, 1085 (9th Cir.2000).